UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

PETER ALLAN, SR.,

    Plaintiff,

v.

CAL LUDEMAN, DENNIS BENSON,
GREG CARLSON, and KEVIN MOSER,

    Defendants.

_____

Civil No. 10-449 (ADM/JJK)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Plaintiff's motion for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is a patient at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota. He was civilly committed to MSOP, because he was found to be a "sexually dangerous person," and a "sexual psychopathic person," under Minnesota law. See In re Civil Commitment of Allan, No. A09-1607 (Minn.App. Feb. 23, 2010), 2010 WL 608028 (unpublished opinion).

1

Plaintiff is now attempting to sue several state employees who allegedly are involved in the operation of MSOP. He is seeking relief under 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights.

Plaintiff's self-styled pleading lacks the customary characteristics of a civil complaint. It reads more like a legal manifesto, or perhaps a law review article (that is rather poorly written). The complaint includes few factual allegations of any kind, and even fewer allegations describing what, specifically, each of the named Defendants actually did, (or failed to do), that purportedly violated Plaintiff's federal constitutional rights.

It is clear, however, that Plaintiff believes his current civil commitment is somehow illegal or unconstitutional. Plaintiff is seeking a judgment for money damages, presumably to compensate him for his allegedly wrongful confinement. He is also seeking an injunction that would grant him "a right to liberty and release from civil commitment." (Complaint, p. 12.) Such relief, however, is not available in this action.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Atkinson v. Bohn</u>, 91 F.3d 1127, 1128 (8th Cir. 1996) (<u>per curiam</u>). In this case, Plaintiff has failed to state a cause of action, because his claims are barred by the principles discussed in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

In <u>Heck</u>, the Supreme Court re-affirmed the longstanding rule that prohibits a state detainee from challenging the legality of his confinement in a federal civil rights

action. According to Heck –

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., [a civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted).

Even when a plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. See also Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the [prior state court] action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

The Court recognizes, of course, that Plaintiff is not presently challenging a state criminal conviction or sentence, and that he is presently confined pursuant to a civil commitment judgment, not a criminal judgment. However, the principles set forth in Heck are fully applicable to state detainees who are confined by reason of a civil commitment, rather than a prison sentence. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (holding that Heck applies to civilly committed detainees who are confined under California's "Sexually Violent Predators Act"), cert. denied, 547 U.S. 1166 (2006); Banda v. New Jersey Special Treatment Unit Annex, 164 Fed.Appx.

286, 287 (3rd Cir.) (unpublished opinion) (Heck barred civilly committed detainee's lawsuit that challenged the legality of his commitment proceedings, "because a favorable outcome would necessarily imply the invalidity of his confinement"), cert. denied, 547 U.S. 1183 (2006); Talbot v. Loya, No. 4:03CV3400 (D.Neb. 2005), 2005 WL 2765131 at *2 ("[t]he principles and objectives expressed in Heck v. Humphrey apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence"); Nelson v. Suire, No. 4:09CV658 DDN (E.D.Mo. 2009), 2009 WL 1161609 at *2 ("Heck applies where a civil detainee challenges an SVP ["sexually violent predator"] determination in a suit for damages"). See also Coffman v. Blake, 156 Fed.Appx. 863 (8th Cir. 2005) (unpublished opinion) (affirming dismissal of civil lawsuit brought by civilly committed offender, which included claims barred by Heck).

Here, it is readily apparent that a judgment in Plaintiff's favor on his current claims for relief would necessarily cast doubt on the legality of his confinement. Indeed, Plaintiff is specifically requesting a judgment that would release him from confinement. Such relief, however, is not available in a federal civil rights case. Moreover, any judgment in Plaintiff's favor, affording him any type of relief for the claims presented in this matter, would necessarily cast doubt on the validity of Plaintiff's confinement. Therefore, this action is clearly barred by Heck.

According to Heck, the present action is premature. Plaintiff cannot maintain a civil action seeking release from custody, (or any other relief), based on any alleged constitutional deficiencies in the action that resulted in his civil commitment, without first

4

securing a court order specifically invalidating his civil commitment. In other words, Plaintiff must <u>successfully challenge the civil commitment itself</u>, in a legally appropriate forum and manner, (i.e., a state court action or appeal, or a federal habeas corpus action), before he can seek a civil judgment based on any allegedly wrongful acts or omissions that precipitated his civil commitment.[1] Because Plaintiff has not yet satisfied that requirement, his complaint fails to state a cause of action on which relief can be granted.[2]

## III. CONCLUSION

In sum, the Court concludes that Plaintiff's complaint fails to state a cause of action on which relief can be granted, because his claims are barred by <u>Heck v. Humphrey</u>. The Court will therefore recommend that Plaintiff's IFP application be

---

[1] Plaintiff's current complaint cannot be construed to be a habeas corpus petition, and entertained as such, because he has not shown that he has exhausted all available state court remedies, which he must do before seeking federal habeas corpus relief. <u>See</u> 28 U.S.C. § 2254(a) and (b). <u>See</u> also <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

[2] The Court further notes that even if this action were not barred by <u>Heck</u>, it still would have to be dismissed for failure to state an actionable claim for relief, because Plaintiff's complaint does not describe any specific unconstitutional acts or omissions by any of the named Defendants. Indeed, none of the named Defendants is even mentioned in the so-called "Facts" section of the complaint. <u>See</u> <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights); <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claim, because complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").

5

denied, and that this case be summarily dismissed without prejudice, pursuant to § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: March 8, 2010

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 23, 2010, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.