UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Peter Allan,

       Plaintiff,

  v.
                                 **MEMORANDUM OPINION
                                 AND ORDER**
Rosemary S. Linderman,                      Civil No. 10-157 ADM/JJK

       Defendant.

---

Peter Allan, Sr.,

       Plaintiff,
                                   **MEMORANDUM OPINION
                                 AND ORDER**
  v.                                            Civil No. 10-449 ADM/JJK

Cal Ludeman, Dennis Benson,
Greg Carlson, and Kevin Moser,

       Defendants.

---

Peter Allan, pro se.

---

## I. INTRODUCTION

These two cases are before the undersigned United States District Judge for a ruling on Plaintiff Peter Allan's ("Plaintiff") Objections [Case No. 10-157, Docket No. 6] to Magistrate Judge Jeffrey J. Keyes's March 2, 2010 Report & Recommendation ("R&R") [Case No. 10-157, Docket No. 5] and Plaintiff's Objections [Case No. 10-449, Docket No. 4] to Judge Keyes's March 8, 2010 Report & Recommendation ("R&R") [Case No. 10-449, Docket No. 3]. Judge

Keyes recommended denying Plaintiff's Motions for Leave to Proceed in forma pauperis [Case No. 10-157, Docket No. 3; Case No. 10-449, Docket No. 2], denying Plaintiff's Motion for Appointment of Counsel [Case No. 10-157, Docket No. 3], and dismissing Plaintiff's Amended Complaint [Case No. 10-157, Docket No. 4] and Plaintiff's Complaint [Case No. 10-449, Docket No. 1]. For the reasons stated below, Plaintiff's Objections are overruled, and both R&Rs are adopted. The procedural and factual background described in the R&Rs are incorporated by reference.

## II. DISCUSSION

The first case is Plaintiff's claim under 42 U.S.C. § 1983 that Defendant Rosemary Linderman ("Linderman") performed a "malicious" psychological examination in connection with Plaintiff's civil commitment proceedings, resulting in a violation of his constitutional rights. Objections at 1. Judge Keyes concluded that Plaintiff's civil rights action is barred by the principles set forth in Heck v. Humphrey, 512 U.S. 477 (1994) and the application of those principles to state detainees who, like Plaintiff, are confined by reason of a civil commitment rather than a prison sentence. R&R (3-5). Plaintiff seeks a declaration that Linderman's evaluation was "unfounded, unwarranted and unprofessional." Objections at 2.

It is well-settled that a person in state custody cannot challenge the legality of his or her confinement by means of a federal civil rights action; habeas corpus is the exclusive federal remedy for such challenges. Heck, 512 U.S. at 481; Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).

Although Plaintiff states that he is not seeking a declaration that his civil commitment is void, Objections at 2, he concedes that his civil commitment was "based heavily" on

2

Linderman's allegedly bias evaluation. Am. Compl., p. 12. Even when a plaintiff is not directly challenging the fact or duration of his detention, he cannot bring a § 1983 civil rights action that would effectively "call into question the lawfulness of plaintiff's confinement." Heck, 512 U.S. at 483. A judgment in Plaintiff's favor would certainly cast doubt on the validity of his civil commitment, and thus, this lawsuit is barred by Heck.

The second case is Plaintiff's claim under 42 U.S.C. § 1983 that Defendants Cal Ludeman, Dennis Benson, Greg Carlson, and Kevin Moser (collectively "Defendants") unlawfully confined him and committed "daily violations of the Constitution." Objections at 6. Judge Keyes again concluded that Plaintiff's civil rights action is barred by the principles set forth in Heck and the application of those principles to state detainees who are confined by reason of a civil commitment rather than a prison sentence. R&R [Case No. 10-449] at 2-3. Although the substance of Plaintiff's objections is not entirely clear, he appears to restate the same arguments made in his Complaint, which have been thoroughly addressed in Judge Keyes's R&R. As Judge Keyes noted, Plaintiff requests to be released from confinement. The Supreme Court has held, however, that habeas corpus is the sole federal remedy by which Plaintiff can secure a release from state custody. Again, a judgment in Plaintiff's favor would certainly cast doubt on the validity of his civil commitment and, thus, this lawsuit is barred by Heck.

Plaintiff cannot maintain a civil rights action that directly or indirectly challenges the fact or duration of his confinement until after he has successfully challenged his confinement in an appropriate forum, i.e., in a state or federal habeas corpus action. Heck, 512 U.S. at 486-87. Because Plaintiff has not satisfied this precondition, his current attempts to sue Linderman and Defendants are barred by Heck.

3

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. In Peter Allan v. Rosemary Linderman, No. 10-157 ADM/JJK:

    A. Plaintiff's Objections [Docket No. 6] are **OVERRULED**;

    B. Judge Keyes's R&R [Docket No. 5] is **ADOPTED**;

    C. Plaintiff's Amended Complaint [Docket No. 4] is **DISMISSED;**

    D. Plaintiff's Motion for Leave to Proceed in forma pauperis [Docket No. 3] is **DENIED**;

    E. Plaintiff's Motion for Appointment of Counsel [Docket No. 2] is **DENIED**;

2. In Peter Allan, Sr. v. Cal Ludeman, Dennis Benson, Greg Carlson, and Kevin Moser, No. 10-449 ADM/JJK:

    A. Plaintiff's Objections [Docket No. 4] are **OVERRULED**;

    B. Judge Keyes's R&R [Docket No. 3] is **ADOPTED**;

    C. Plaintiff's Complaint [Docket No. 1] is **DISMISSED**;

    D. Plaintiff's Motion for Leave to Proceed in forma pauperis [Docket No. 2] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 7, 2010.